**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**CIVIL COMPLAINT**

DARRIN McCRAY,

_______________________________,

*(Write the full name of each Plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

**Case No.:** 4:23-cv-00400-AW/MAF
*(To be filled in by the Clerk's Office)*

Florida State,
Board of Administration

_______________________________,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

_______________________________/

**Jury Trial Requested?**
☐ **YES** ☑ **NO**

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

1. Plaintiff's Name: Darrin McCRAY

Address: 1444 13th street

City, State, and Zip Code: WPB, Fl 33401

Telephone: ____________ *(Home)* 561-602-2804 *(Cell)*

2. Plaintiff's Name: N/A

Address: ____________

City, State, and Zip Code: ____________

Telephone: ____________ *(Home)* ____________ *(Cell)*

*(Provide this information for any additional Plaintiffs in this case by attaching an additional page as needed.)*

B. Defendant(s)

1. Defendant's Name: Ashley Moody

Name of Employer *(if relevant)*: Florida Attorney General

Address: PL-01 The Capitol

City, State, and Zip Code: Tallahassee, Fl 32399-0001

2. Defendant's Name: Lamar Taylor

Name of Employer *(if relevant)*: State Board OF Administration

Address: 1801 Hermitage Blvd

Suite 100

City, State, and Zip Code: Tallahassee, Fl 32308

3. Defendant's Name: N/A

Name of Employer *(if relevant)*: ____________________

Address: ____________________

____________________

City, State, and Zip Code: ____________________

*(Provide this information for any additional Defendants in this case by attaching additional pages as needed.)*

## II. BASIS FOR JURISDICTION

Federal courts have limited jurisdiction. Generally, only two types of cases may be heard in federal court: (1) a case involving a federal question or (2) case involving diversity of citizenship of the parties. A "federal question" case arises under the United States Constitution or federal laws or treaties. 28 U.S.C. § 1331. A "diversity" case means a citizen of one State sues a citizen of another State or nation. No defendant may be a citizen of the same State as any Plaintiff in a diversity case, and the amount in controversy must be more

than $75,000. 28 U.S.C. § 1332.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Question ☐ Diversity of Citizenship

Fill out the paragraphs in this section that apply to this case.

A. If the Basis for Jurisdiction Is a Federal Question:

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case: Please See Attached Addendum

B. If the Basis for Jurisdiction is Diversity of Citizenship:

1. Plaintiff(s)

a. Plaintiff is an individual and a citizen of: N/A

b. If any Plaintiff is a business or corporation, list the State where the business is incorporated ________________ or has its principal place of business: ________________

*(Note: Businesses/Corporations must be represented by counsel.*

*Attach additional page to provide this information for additional Plaintiffs.)*

2. Defendant(s)

   a. If the Defendant is an individual, identify their citizenship below.

      1. Defendant *(name)* Ashley Moody
         is a citizen of *(State)* Florida
      2. Defendant *(name)* Lamar Taylor
         is a citizen of *(State)* Florida
      3. Defendant *(name)* N/A
         is a citizen of *(State)* ______

   b. If the Defendant is a corporation or business, list the state of incorporation or principal place of business below.

      1. Defendant *(name)* Attorney General
         State of Incorporation is Florida
         or Principal Place of Business is Tallahassee
      2. Defendant *(name)* State Board of Administration
         State of Incorporation is Florida
         or Principal Place of Business is Tallahassee

      *(Attach additional page if necessary to list all Defendants.)*

3. Have you previously been involved in litigation with one or more

of the named Defendants?

□ Yes □ No

If yes, identify prior case #: 1D2023-0955 Date: 08/04/23

Court: First District Court of Appeal

Defendant: State Board of Administration

Judge: Ostherhaus, Kelsey & Nordby

Result: Denied

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do; identify how each Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

Please See Addendum

## IV. RELIEF REQUESTED

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Please See Addendum

## V. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 09/04/23 Plaintiff's Signature: [signature]

Printed Name of Plaintiff: Darrin McCray

Address: 1474 13th Street
WPB, Fl 33401

E-Mail Address: dlcray23@gmail.com

Telephone Number: 561-602-2804

*(Additional signature pages must be attached if there is more than one Plaintiff.)*

Plaintiff respectfully invokes the Mailbox Doctrine

**FLORIDA NORTHERN DISTRICT ADDENDUM**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case:

1. Article III of the Constitution, the Supremacy Clause, the Fifth Amendment's Due Process Clause, and the Equal Protection Clause; *Murphy v. Waterfront Comm.*, 378 U.S. 52, 78[, 84 S.Ct. 1594, 12 L.Ed.2d 678] (1968); See *New Jersey v. Portash*, 440 U.S. 450[, 99 S.Ct. 1292, 59 L.Ed.2d 501] (1979) and *See Washington v. Davis*, 426 U.S. 229, 239 (1976).
2. *Garrity v. New Jersey*, 385 U.S. 493, 499-500, 87 S. Ct. 616 (1967);*United States v. Friedrick, 842 F.2d 382, 395 (D.C.Cir.1 988); United States v. Camacho, 739 F.Supp. 1 504, 1 514-15 (S.D.Fla.1 990; Kastigar,* 406 U.S. at 452-53; *United States v. Koon,* 4 F.3d 1416,1431 (9th Cir. 1994); *See United States v. Veal,* 153 F.3d 1233, 1241 n.7 (11th Cir. 1998), cert. denied, 526 U.S.1147 (1999).
3. United States v. Conage, 976 F.3d 1244, 1263 (11th Cir. 2020) (quoting Fla. Const. art. V, § 3(b)(6)); see also Fla. Stat. § 25.031; Fla. R. App. P. 9.150.*Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 75 (1997*); *Grayned v. City of Rockford, 408 U.S. 104, 108 (1972); Skilling v. United States,* 561 U.S. 358 (2010) and *Black v. United States*, 561 U.S. 465 (2011).
4. The doctrine of Federal Preemption, *NLRB v. Katz, (369 U.S. 736 (1962)*; *Deina v. Market Ry. Co., 124 F. 2d 965, 967 (9th Cir. 1942)*301 of the Labor Management Relations Act (LMRA), *29 U.S.C. § 185,* and section *502(a)* of the Employee Retirement Income Security Act *(ERISA), 29 U.S.C. § 1132(a);* See *M'Culloch v. Maryland*, 17, US.316-317 (1819). *Cliff v. PaycoGe. Am. Credits, Inc., 363 F.3d 1112, 1122 (11th Cir. 2004; Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947).*

5. The doctrines of Void Judgment and Subject Matter Jurisdiction; *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)*; *Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980). Windsor v. McVeigh*, 93 U.S. 274 (1876); *This That and the Other Gift & Tobacco, Inc. v. Cobb County,* *1342 Ga., 285 F.3d 1319, 1322 (11th Cir.2002) (citations and internal quotations omitted).

**III. STATEMENT OF CLAIM**

On September 30, 2006, the Palm Beach County Sheriff's Office Corrections Division entered into its first Collective Bargaining Agreement with the Palm Beach County Police Benevolent Association. On March 09, 2007, after thoroughly investigating Plaintiff and others, Palm Beach County Sheriff's Office Lieutenant Jones submitted a detailed report to Major Kneisley that cleared Plaintiff and others of any potentially criminal conduct or administrative wrongdoing. (". . . I am of the opinion that no definitive evidence exists which suggests Lt. Darrin McCray . . . violated C.O.P. 917.24 sec. (C)(4) (6) (7) (Hospital Security Duty) [that is, the Administrative Policy] . . . or otherwise collectively or single-handedly manipulated the Online Hospital Guard Duty Program for personal gains.") To be sure, that report shows (in a table, under the heading "Finding") that the allegations against Plaintiff were "inconsequential". Major Kneisley, who was Lieutenant Jones' superior, ratified this report the same day, finding the evidence was "weak at best."

In November of 2008, Plaintiff was criminally informed against by the State using the same information from the March 09, 2007, immunized administrative investigation. The alleged that

Plaintiff engaged in an organized scheme to defraud by signing his subordinates, himself and peers up to work too much hospital overtime guard duty.

On November 21, 2008, Plaintiff was tried and found guilty of Florida Statute § 838.022 (Official Misconduct and Florida 817.34 (Organized Scheme To Defraud. The Florida Fourth District Court of Appeal case # 4D09-530 dismissed the Organized Scheme to Defraud but upheld the Official Misconduct. On October 10, 2014, Plaintiff was sentenced to 17.1 months within the Florida Department of Corrections.

The Florida State Board of Administration illegally seized Plaintiff's retirement pension as a result of the wrongful conviction based on Florida Statute § 838.022-Offical Misconduct and *§112.3173*. Plaintiff filed an appeal in the Florida First District Court of Appeal that was subsequently denied as untimely. The court denied Plaintiff's motion for a written opinion and certification of question to Florida Supreme Court.  State Actors acting under the color of law violated Plaintiff's civil rights when arresting him for an alleged that is not crime. These state actors violated the doctrines violated the Supremacy and Equal Protection when they overlooked the federal preemption. They violated Plaintiff's fourth, fifth, eighth and fourteenth amendments by repeatedly denying plaintiff access to the court, illegally seizing his pension wrongfully convicting him, falsely imprisoning him and wrongfully terminating him for following the collective bargaining agreement in effect at that time.

**IV. RELIEF REQUESTED**

Plaintiff requests to be made whole by moving this Court certify the question regarding the void, vagueness, unconstitutionality, arbitrary and capricious and of Florida Statute § 838.022-Offical Misconduct and §112.3173. Plaintiff respectfully request this Court provide relief in the form of reinstating his Florida Retirement Pension, receiving all back pay, and compensatory, punitive and exemplary damages in the amount of twenty million dollars for the ongoing pain suffering, mental anguish, continual harassment, torture and denial of access to the courts he continues to experience by those acting under the color of law. Plaintiff will provide documentation if requested regarding his ongoing mental health therapy as result of PTSD, Post Incarceration Syndrome, and Depression from being wrongfully terminated, falsely arrested, wrongfully convicted, falsely imprisoned, humiliated, publically defamed and slandered by state actors.

/s/ DARRIN MCCRAY
By: MCCRAY, DARRIN,
Authorized Representative
To DARRIN MCCRAY
P.O. Box 1172
West Palm Beach, Fl 33402
(561) 602-2804

F

FCM
33416
Date of sale
09/05/23
02 6W SSK
9813300367

**USPS FIRST-CLASS MAIL®**

1.30 oz

RDC 99

DARRIN MCCRAY
N/A
PO BOX 1172
WEST PALM BEACH FL 33402-1172

RETURN RECEIPT REQUESTED

SHIP TO:
CLERK OF COURT
FL NORTHERN DISTRICT COURT
111 N
ADAMS ST
TALLAHASSEE FL 32301

**USPS CERTIFIED MAIL®**

9514 7066 7841 3248 8350 01

33402

SEP 0 6 2023

Clerk of Court
Fl Northern District
111 N Adams St
Tallahassee Fl 32301
The Mailbox Doctrine